CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

12/29/2023
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
        DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

|  |  |  |
|---|---|---|
| **RIVER ROAD JET BOATS, LLC,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **WAIMED ENTERPRISES, LLC** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** <u>6:23CV00082</u> |
| | ) | |
| **ROCK PROOF BOATS LLC,** | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| **Defendant.** | ) | |

### COMPLAINT

Plaintiffs, River Road Jet Boats, LLC and Waimed Enterprises, LLC ("Plaintiffs"), bring this Complaint against Defendant, Rock Proof Boats LLC ("Defendant"), and allege as follows:

### PARTIES

1.       Plaintiff River Road Jet Boats, LLC ("River Road Jet Boats") is a limited liability company organized and existing under the laws of Virginia, having its principal place of business at 122 Rocky Hill Rd., Madison Heights, VA, 24572. River Road Jet Boats designs, develops, manufactures, and markets outboard jet motors for riverboats. Plaintiff Waimed Enterprises, LLC ("Waimed") is a limited liability company organized and existing under the laws of Virginia, having its principal place of business at 2303 Yorktown Avenue, Lynchburg, VA, 24501. Waimed is the assignee of U.S. Patent No. 10,618,619 ("the '619 Patent") and U.S. Patent No. 11,649,027 ("the '027 Patent") (collectively "Plaintiffs' Patents").

2.       Upon information and belief, Defendant is a limited liability company organized and existing under the laws of Pennsylvania having its registered office at 407 Mountain Road,

Marysville, PA 17053. On information and belief, Defendant designs, develops, manufactures, and/or markets riverboats and accompanying components.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., and more particularly, 35 U.S.C. §§ 271 and 281. This action also arises out of section 43(a) of the Lanham Act, 15 U.S.C. § 1125 and the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. Plaintiffs' state law claims arise out of the common law of the Commonwealth of Virginia as well as the Virginia Uniform Trade Secrets Act, Virginia Code § 59.1-336, et seq.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.      This Court has personal jurisdiction over Defendant pursuant to Virginia Code  § 8.01-328.1(A)(1), (3) and (4) because this action arises from Defendant:  (1) transacting business in Virginia; (3) causing tortious injury by acts or omissions in Virginia; and (4) causing tortious injury in Virginia by acts or omissions outside Virginia and regularly doing or soliciting business in Virginia, engaging in a persistent course of conduct in Virginia and deriving substantial revenue from services rendered in Virginia.  Defendant also has purposefully directed its business activities toward Virginia.  While engaging in this conduct, it was reasonably foreseeable that Defendant would be subjected to this Court's jurisdiction.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendant is subject to personal jurisdiction in this District.

## PLAINTIFFS' PATENTS

8.      River Road Jet Boats is a leader in the design, development, and marketing of outboard jet motors for riverboats. Its products are sold throughout the U.S. Plaintiff has also expended substantial sums in pursuing patents in the U.S. to protect its rights to its inventions.

9.      Waimed is the lawful owner of all right, title, and interest in U.S. Patent No. 10,618,619 ("the '619 Patent") and U.S. Patent No. 11,649,027 ("the '027 Patent") (collectively "Plaintiffs' Patents"). Copies of each patent are attached hereto as **Exhibits A and B, respectively**. Plaintiffs' Patents have been duly and legally issued by the United States Patent and Trademark Office ("USPTO").

## THE '619 PATENT

10.     The '619 Patent describes and claims a device for fitting an outboard jet nozzle on an outboard jet motor (see, e.g., claim 1, along with its dependent claims).

11.     The device includes, among other things, a directional device for an outboard jet motor comprising a conduit adapted to fit around a jet nozzle of an outboard jet motor and a way to steer the directional device.

## THE '027 PATENT

12.     The '027 Patent describes and claims an acceptor device for securing an outboard jet motor to a watercraft (see, e.g., independent claims 1, 11, and 15, along with its dependent claims) and an inventive boat hull (see, e.g., claim 16, along with its dependent claims).

3

13.     In the device of claim 1, among other things, the acceptor device secures an outboard jet motor to a watercraft, comprising one or more shrouded opening(s) shaped and sized for communication with an intake of one or more outboard jet motor(s).

14.     In the device of claim 1, the acceptor device is configured to provide the outboard jet motor intake disposed at an angle that slopes upwardly toward the watercraft and wherein the acceptor device is configured to elevate at least a portion of the intake of the outboard jet motor above a bottom surface of the watercraft. (See also, independent claims 11 and 15 and all related dependent claims.)

15.     The boat hull of claim 16 (and its dependent claims) includes a boat hull comprising a transom for supporting an outboard jet motor and a tunnel disposed in a bottom surface of the hull and extending to the transom.

16.     The device of claim 16 (and its dependent claims) also includes an adaptor disposed where the transom and the tunnel meet, the adaptor comprising a shrouded opening for communication with the outboard jet motor at an intake of the outboard jet motor.

17.     In the device of claim 16, the tunnel is configured for directing a flow of water through the tunnel, into the adapter, and into the intake of the outboard jet motor.

18.     In the device of claim 16, the adapter is configured to provide the outboard jet motor intake disposed at an angle that slopes upwardly toward the tunnel.

## DEFENDANT'S UNLAWFUL CONDUCT

### Patent Infringement and Unfair Competition

19.     From around January of 2023 to around June of 2023, River Road Jet Boats and Defendant engaged in extensive communications with the intent to enter into a contractual relationship through which Defendant would make, use, or sell products and/or buy products

4

covered by the Plaintiffs' Patents.  Some of those communications are included as **Exhibit C** to this complaint.

20.     Thereafter, Defendant, made, used, offered for sale, and/or sold within the United States, a directional device for fitting an outboard jet motor jet nozzle and an acceptor device for outboard jet motors named the "Nozzle Jett" (the "Accused Product").

21.     Information about the Accused Product is available on Defendant's website at www.rockproofboats.com/nozzle-jett/ (the "Website"). On information and belief, a promotional video for the Accused Product at https://www.youtube.com/watch?v=PBr3yKrGtaU also provides a demonstration of the Accused Product.

22.     The Website describes the Accused Product as follows:

## Nozzle Jett (Patent Pending)

The Rock Proof Boats Nozzle Jett is the newest model to emerge from our shop. With our innovative design, an outboard jet motor is locked into place allowing you to turn the nozzle to steer the boat – not the motor. This allows you to steer the boat just as you would one of our popular inboard jet boats such as the River Rocket or River Jett.

23.     As identified in the following claim chart, the Accused Product includes all of the limitations of at least claim 1 of the '619 Patent:

| Claim 1 of U.S. Patent No. 10,618,619 | | |
|---|---|---|
| Claim 1 Elements: | Pictures from rockproofboats.com | Infringement Analysis |
| A directional device for an outboard jet motor comprising: | | Defendant copies as its so-called "Nozzle Jett" |

| | | |
|---|---|---|
| a conduit adapted to fit around a jet nozzle of an outboard jet motor; |  | The patent figure below reads on Defendant's design using a conduit to surround the jet nozzle and feed into the steering nozzle.<br><br> |
| a steering nozzle; |  | Defendant uses a steering nozzle as pictured. |
| an outer frame joining the conduit and the steering nozzle; |  | Defendant uses an outer frame to join the conduit and steering nozzle – as pictured and as shown in the patent figure above. |
| a first pair of axles in communication with the outer frame and the conduit; |  | Defendant provides a first pair of axles in communication with the outer frame and conduit for steering purposes. |

6

| | | |
|---|---|---|
| wherein the steering nozzle is configured to receive a flow of water from the jet nozzle by way of the conduit; | **Flow of Water** | As pictured, the steering nozzle receives water flow from the jet by way of the conduit. |
| wherein the outer frame and the steering nozzle are capable of rotating relative to the conduit along a first axis defined by the first pair of axles. |  | This element is infringed, as pictured to the left, as Defendant's product is capable of rotating its outer frame and steering nozzle relative to the conduit along an axis defined by the first pair of axles. Defendant's product even has the steering element identical to the patent figure pasted above. |

24.     As identified in the following claim chart, the Accused Product includes all of the

limitations of at least claim 1 (and similarly claims 11 and 15) and claim 16 of the '027 Patent:

| Claim 1 of U.S. Patent No. 11,649,027 | | |
|---|---|---|
| Claim 1 Elements: | Pictures from rockproofboats.com (and from pictures texted from Defendant to Plaintiff) (See, **Exhibit C**). | Infringement Analysis |
| An acceptor device for securing an outboard jet motor to a watercraft, the acceptor device comprising: | | Defendant's acceptor device is shown.  It is for securing an outboard jet motor to a watercraft, as this non-limiting intended use is to secure the motor. Without the acceptor device, the pump and motor will not operate at an acceptable output.  (*See, e.g.*, col. 2, ll. 14-17 ("Fixing the outboard jet motor in this way to the transom and the adapter will restrict rotation of the motor in any direction once mounted and maintain optimal flow of water |

| | | |
|---|---|---|
| | | into the intake.")  The fact that the motor is fastened to the transom in a conventional manner is not relevant, as the patent states the motor can be affixed to the transom—as required by law—in a conventional manner, such as by bolting or welding. (*See, e.g.*, col. 13, l. 55 – col. 14, l. 22.). Moreover, there is not a limiting, recited element in the claim about how the motor is affixed to the boat or other component. |
| one or more shrouded opening(s) shaped and sized for communication with an intake of one or more outboard jet motor(s); |  | The opening of Defendant's acceptor device has the shrouded element as shown in the patent figures and described in the specification.  It is shaped and sized for communication with an intake of one or more outboard jet motors, as shown in the picture. |
| wherein the acceptor device is configured to provide the outboard jet motor intake disposed at an angle that slopes upwardly toward the watercraft; and |  | The picture to the left shows the Defendant's outboard jet motor intake angled at an upward slope. |
| wherein the acceptor device is configured to elevate at least a portion of the intake of the outboard jet motor above a bottom surface of the watercraft. |  | The intake is above a bottom surface of the boat. |

| Claim 16 of U.S. Patent No. 11,649,027 | | |
|---|---|---|
| Claim 16 Elements: | Pictures from rockproofboats.com, and pictures from communications from Defendant (See, **Exhibit C**). | Infringement Analysis |
| A boat hull comprising: |  | A boat hull is pictured. |
| a transom for supporting an outboard jet motor; |  | The motor is supported by the transom. |

9

| a tunnel disposed in a bottom surface of the hull and extending to the transom; and |  (See, **Exhibit C**). | Tunnel pictured in pictures (shown to the left) sent by Defendant to River Road Jet Boats, showing a tunnel disposed in a bottom surface of the hull and extending to the transom. See identical configurations from patent: |

| | | |
|---|---|---|
| an adapter disposed where the transom and the tunnel meet, the adapter comprising a shrouded opening for communication with the outboard jet motor at an intake of the outboard jet motor; |  | Showing adaptor with shrouded opening and in communication with the motor intake. |
| wherein the tunnel is configured for directing a flow of water through the tunnel, into the adapter, and into the intake of the outboard jet motor; and | | Flow of water goes through the tunnel on the bottom of the boat, into the adapter, and into the intake, as configured from the myriad pictures above. |
| wherein the adapter is configured to provide the outboard jet motor intake disposed at an angle that slopes upwardly toward the tunnel. |  | Intake slopes upwards, as pictured. |

25.   On May 19, 2023, Defendant's attorney, Jeffrey Habib of Hooker & Habin PC, wrote Maston Basten of River Road Jet Boats, LLC and the prosecuting attorney for Plaintiffs'

11

Patents, Michele Mayberry of New River Valley Intellectual Property PC, a letter acknowledging Plaintiffs' patents and allegations of infringement.  (See, **Exhibit D**).

26.     Upon information and belief, Defendant's continued infringement after notice of the patents and allegations of its infringement thereof is deliberate, intentional, and willful.

## Trade Secret Misappropriation

27.     From around January of 2023 to around June of 2023, River Road Jet Boats and Defendant engaged in extensive communications, including text message, with the intent to enter into a contractual relationship through which Defendant would use trade secrets related to River Road Jet Boats' know-how related to the patented technology. Defendant was provided access to and agreed not to improperly possess, use or disclose Plaintiffs' confidential and proprietary technology.

28.     River Road Jet Boats, through extensive effort and the expenditure of considerable amounts of time and money over several years, has developed commercially valuable confidential and proprietary information and trade secrets, including, without limitation, business, product, project, cost, pricing, financial, and customer information and other confidential and proprietary information which would cause competitive harm to River Road Jet Boats if misappropriated, disclosed or used by others ("River Road Jet Boats' Confidential Information").

29.     River Road Jet Boats' Confidential Information is a valuable commercial asset of River Road Jet Boats, and River Road Jet Boats has guarded the secrecy of River Road Jet Boats' Confidential Information from disclosure to competitors or other persons and entities outside of River Road Jet Boats.  River Road Jet Boats derives independent economic value from River Road Jet Boats' Confidential Information not being generally known or readily ascertainable by others.

116744035.1

At all times, River Road Jet Boats has engaged in reasonable efforts to maintain the secrecy of River Road Jet Boats' Confidential Information.

30.     The River Road Jet Boats' Confidential Information constitutes trade secrets under the DTSA and the VUTSA.

31.     At all times, River Road Jet Boats has engaged in reasonable efforts to maintain the secrecy of this River Road Jet Boats' Confidential Information.  Those trade secrets are only provided to others on a need-to-know basis subject to appropriate confidentiality and non-disclosure restrictions.

32.     Defendant worked with River Road Jet Boats over several months and was provided access to and agreed not to improperly possess, use or disclose River Road Jet Boat's confidential and proprietary technology

33.     Plaintiff entrusted Defendant with this River Road Jet Boats' Confidential Information.  Defendant, in its communications with River Road Jet Boats, acquired knowledge of River Road Jet Boats' Confidential Information and agreed that it had no right to use or disclose.  Unfortunately, Plaintiffs' trust in Defendant was misplaced.

## COUNT I

## PATENT INFRINGEMENT UNDER 35 U.S.C. §§ 271, 281

34.     Plaintiffs refer to and incorporate the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

35.     Defendant has directly infringed and continues to directly infringe at least claim 1 of the '619 Patent and at least claims 1, 11, 15, and 16 of the '027 Patent by making, using, offering for sale, selling within the United States, and/or importing into the United States the Accused Product in violation of 35 U.S.C. § 271(a).

13

36.     Defendant's infringement of Plaintiffs' Patents has been, and continues to be, willful deliberate, and intentional by continuing its acts of infringement after becoming aware of Plaintiffs' Patents and its infringement thereof, thus acting in reckless disregard of Plaintiffs' rights in Plaintiffs' Patents.

37.     By reason of Defendant's infringement, Plaintiffs are suffering damages, including impairment of the value of Plaintiffs' Patents, in an amount yet to be determined.

38.     Upon information and belief, unless enjoined, Defendant's acts of infringement are causing irreparable harm to Plaintiffs and will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law.

## COUNT II

## UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

39.     Plaintiffs refer to and incorporate the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

40.     Defendant's actions, as set forth above, thus constitute false designation of source and/or origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendant, on the Website, claims that there is a "Patent Pending" for the Accused Product when Waimed is the sole owner of the intellectual property rights in Plaintiffs' Patents:



## Nozzle Jett (Patent Pending)

The Rock Proof Boats Nozzle Jett is the newest model to emerge from our shop. With our innovative design, an outboard jet motor is locked into place allowing you to turn the nozzle to steer the boat – not the motor. This allows you to steer the boat just as you would one of our popular inboard jet boats such as the River Rocket or River Jett.

42.     Defendant's unauthorized marketing and sale of the Accused Product in interstate commerce using the false claim that the Accused Property has a valid "Patent Pending" constitutes

14

use of a false designation of origin or false representation that wrongfully and falsely designates the Accused Product as originating from or connected with Plaintiffs and/or Plaintiffs' Patents, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

43.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

44.     By reason of and as a direct and proximate result of Defendant's false designation of source and origin, Defendant has caused damage to Plaintiffs' business, reputation, and goodwill and/or has diverted business and sales from Plaintiffs to Defendant.  Plaintiffs are entitled to recover Defendant's profits, damages suffered by Plaintiffs and the costs of the action.

45.     Defendant's acts of false designation and source have been committed knowingly, willfully, deliberately, and maliciously with the intent to cause confusion and mistake and to deceive. Accordingly, Plaintiffs are entitled to a judgment of three times their damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

46.     By reason of and as a direct and proximate result of Defendant's unlawful acts and practices, including those set forth above, Defendant has caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Plaintiffs, for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief.

116744035.1

## COUNT III

## COMMON LAW UNFAIR COMPETITION UNDER THE LAWS OF THE COMMONWEALTH OF VIRGINIA

47.     Plaintiffs refer to and incorporate the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

48.     By virtue of Defendant's conduct as alleged herein, Defendant has engaged and is engaging in unfair competition under the common law of the Commonwealth of Virginia.

49.     Defendant's actions have caused or are likely to cause confusion, mistake, and to deceive the relevant public by suggesting that Defendant's Accused Product is authorized, sponsored, approved by, or are affiliated with Plaintiffs and/or Plaintiffs' Patents.

50.     On information and belief, Defendant's conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge of Plaintiffs' rights.

51.     Defendant's advertising of the Accused Product as "Patent Pending" has caused or is likely to cause confusion, mistake, and deception among the general public as to the source of the Accused Product and any patent rights associated with the Accused Product. Hence, Defendant has unfairly profited from the actions alleged herein.

52.     By reason of Defendant's acts alleged herein, Plaintiffs have suffered monetary damages and loss of control of the goodwill associated with Plaintiffs' Patents.

53.     As well as harming the public, Defendant's conduct as alleged herein has caused and will continue to cause irreparable harm to Plaintiffs for which there is no adequate remedy at law and is also causing damage to Plaintiffs for which there is no adequate remedy at law and is also causing damage to Plaintiffs in an amount that cannot be accurately computed at this time but will be proven at trial.

54.     As a direct and proximate result of Defendant's conduct, Plaintiffs are further entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendant from the false advertising associated with the Accused Product.

## COUNT IV

### MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT, 18 U.S.C. §§ 1836

55.     Plaintiffs refer to and incorporate the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

56.     The Federal Defend Trade Secrets Act ("DTSA") forbids threatened and actual misappropriation of trade secrets "if the trade secret is related to a product or service used in, or in-tended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1) (as amended).

57.     Under the DTSA, "trade secret" means "all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, pro-grams, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if, (A) the owner thereof has taken reasonable measures to keep such information secret, and (B) the information derives independent economic value, actual or potential, from not being generally known, to and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3) (as amended).

58.     Subject to appropriate confidentiality and non-disclosure restrictions, River Road Jet Boats shared with Defendant Plaintiffs' Confidential Information, which included information

17

pertaining to River Road Jet Boats' know-how related to the patented technology, such as business, product, project, cost, pricing, financial, and customer information and other confidential and proprietary information. Defendant agreed not to improperly possess, use or disclose any such information.

59.     River Road Jet Boats' Confidential Information constitutes confidential trade secrets, as defined by law, because it is related to products and services River Road Jet Boats sells and uses in interstate and foreign commerce. River Road Jet Boats' Confidential Information is the exclusive property of River Road Jet Boats.

60.     River Road Jet Boats' Confidential Information, trade secrets, and proprietary business information derive substantial, independent economic value from not being generally known to the public or to its competitors, who could obtain economic value from the information. River Road Jet Boats has expended substantial financial and human resources to develop this information, which cannot be easily acquired or replicated by others.

61.     At all times, River Road Jet Boats has taken reasonable steps under the circumstances to safeguard the confidentiality and secrecy of its trade secrets and confidential information.  River Road Jet Boats' Confidential Information are only provided to others on a need-to-know basis subject to a specific need and appropriate confidentiality and non-disclosure restrictions.

62.     River Road Jet Boats' Confidential Information, trade secrets, and proprietary information are valuable and important to the operation of its business.

63.     River Road Jet Boats' Confidential Information, trade secrets, and proprietary information are not known to competitors, and not readily ascertainable through proper means by competitors. Competitors could profit from the use or disclosure thereof.

116744035.1

64.    Defendant has used and misappropriated, and intends to continue to use and misappropriate, River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, for Defendant's benefit without River Road Jet Boats' consent.

65.    Defendant's conduct constitutes a misappropriation and misuse of River Road Jet Boats' confidential, proprietary, and trade secret information.

66.    If Defendant is permitted to continue to unfairly compete with River Road Jet Boats as described herein, Defendant will continue to use River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, to its advantage, and/or to the advantage of competitors and to the irreparable detriment of River Road Jet Boats.

67.    Upon information and belief, Defendant's actions and conduct were willful and malicious, and in conscious disregard of the rights of River Road Jet Boats.

68.    When River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, are improperly disseminated to third parties, it can result in monetary damages as well as harm to their business reputation and a loss of goodwill.

69.    By reason of Defendant's violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 and related statutes, River Road Jet Boats face immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

70.    As a direct and proximate result of Defendant's violations of the DTSA, River Road Jet Boats has sustained and will continue to sustain irreparable injury, the damages from which cannot be easily ascertained and which, in any case, would be inadequate. Accordingly, River Road Jet Boats is entitled to an injunction, compensatory and exemplary damages, and attorneys' fees.

71.     As a result of Defendant's foregoing and ongoing acts, River Road Jet Boats has suffered and will continue to suffer immediate and ongoing irreparable injury for which no adequate remedy at law exists.

72.     River Road Jet Boats is entitled to injunctive relief restraining Defendant and its agents, servants, employees, attorneys, and all others holding by, through or under Defendant, or in active concert or participation with Defendant, from using, at any time, any of River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, in any fashion, form, or manner for any purpose.

73.     In addition, Defendant and its agents, servants, employees, attorneys, and all others holding by, through or under Defendant, or in active concert or participation with Defendant, should be required to immediately return and/or permanently delete or destroy all of River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, and to certify by a sworn declaration that all such materials and information have been returned, deleted, or destroyed. Defendant also should be required to provide its computers, phones and other electronic devices to River Road Jet Boats for inspection and forensic analysis so that River Road Jet Boats can confirm that all River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, and any other Plaintiff property has been deleted.

74.     Defendant's actions entitle River Road Jet Boats to injunctive relief pursuant to the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, et seq., and other applicable laws and equitable principles prohibiting Defendant from using property belonging to River Road Jet Boats, as described herein.

75.     Unless such injunctive relief is granted, Defendant's ongoing and future conduct will cause River Road Jet Boats irreparable harm for which no adequate remedy at law exists.

20

## COUNT V

## MISAPPROPRIATION OF TRADE SECRETS UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT, VA CODE § 59.1-336

76.     Plaintiffs refer to and incorporate the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

77.     The Virginia Uniform Trade Secrets Act ("VUTSA") forbids threatened and actual misappropriation of trade secrets. See Va. Code § 59.1-336 et seq.

78.     Subject to appropriate confidentiality and non-disclosure restrictions, River Road Jet Boats shared with Defendant River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, which included information pertaining to River Road Jet Boats' know-how related to the patented technology, such as business, product, project, cost, pricing, financial, and customer information and other confidential and proprietary information. Defendant agreed not to improperly possess, use or disclose any such information.

79.     River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, constitutes confidential trade secrets, as defined by law, and is the exclusive property of River Road Jet Boats.

80.     River Road Jet Boats' trade secrets and confidential and proprietary business information derive substantial, independent economic value from not being generally known to the public or to its competitors, who could obtain economic value from the information.  River Road Jet Boats has expended substantial financial and human resources to develop this information, which cannot be easily acquired or replicated by others.

81.     At all times, River Road Jet Boats has taken reasonable steps under the circumstances to safeguard the confidentiality and secrecy of its trade secrets and confidential information. River Road Jet Boats' Confidential Information, trade secrets, and proprietary

116744035.1

information are only provided to others on a need-to-know basis subject to a specific need and appropriate confidentiality and non-disclosure restrictions.

82.     River Road Jet Boats' Confidential Information, trade secrets, and proprietary information are valuable and important to the operation of its business.

83.     River Road Jet Boats' Confidential Information, trade secrets, and proprietary information are not known to competitors, and not readily ascertainable through proper means by competitors. Competitors could profit from the use or disclosure thereof.

84.     Defendant has used and misappropriated, and intends to continue to use and misappropriate, River Road Jet Boats' Confidential Information, trade secrets, and proprietary information for Defendant's benefit without River Road Jet Boats' consent, in breach of Defendant's duties agreement with River Road Jet Boats to maintain their secrecy.

85.     Defendant's conduct constitutes a misappropriation and misuse of River Road Jet Boats' confidential, proprietary, and trade secret information.

86.     If Defendant is permitted to continue to unfairly compete with Plaintiffs as described herein, it will continue to use River Road Jet Boats' Confidential Information, trade secrets, and proprietary information to its advantage, and/or to the advantage of competitors and to the irreparable detriment of River Road Jet Boats.

87.     Defendant's actions and conduct were willful and malicious, and in conscious disregard of the rights of River Road Jet Boats.

88.     When River Road Jet Boats' Confidential Information, trade secrets, and proprietary information are improperly disseminated to third parties, it can result in monetary damages as well as harm to its business reputation and a loss of goodwill.

89.     By reason of Defendant's violations of the Virginia Uniform Trade Secrets Act, Code § 59.1-336, River Road Jet Boats face immediate, substantial, and irreparable harm for which there is no adequate remedy at law.

90.     As a direct and proximate result of Defendant's violations of the Virginia Uniform Trade Secrets Act, Code § 59.1-336, River Road Jet Boats has sustained and will continue to sustain irreparable injury, the damages from which cannot be easily ascertained and which, in any case, would be inadequate. Accordingly, River Road Jet Boats is entitled to an injunction, compensatory and exemplary damages, and attorneys' fees.

91.     As a result of Defendant's foregoing and ongoing acts, River Road Jet Boats has suffered and will continue to suffer immediate and ongoing irreparable injury for which no adequate remedy at law exists.

92.     River Road Jet Boats is entitled to injunctive relief restraining Defendant and its agents, servants, employees, attorneys, and all others holding by, through or under Defendant, or in active concert or participation with Defendant, from using, at any time, any of River Road Jet Boats' Confidential Information, trade secrets, and proprietary information in any fashion, form, or manner for any purpose.

93.     In addition, Defendant and its agents, servants, employees, attorneys, and all others holding by, through or under Defendant, or in active concert or participation with Defendant, should be required to immediately return and/or delete or destroy all of River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, and to certify by a sworn declaration that all such materials and information and been returned, deleted, or destroyed. Defendant also should be required to provide its computers, phones and other electronic devices to River Road Jet Boats for inspection and forensic analysis so that River Road Jet Boats can

116744035.1

confirm that all River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, and any other Plaintiff property, has been deleted.

94.     Defendant's actions entitle River Road Jet Boats to injunctive relief pursuant to the Virginia Uniform Trade Secrets Act, Code § 59.1-336, and other applicable laws and equitable principles prohibiting Defendant from using property belonging to River Road Jet Boats, as described herein.

95.     Unless such injunctive relief is granted, Defendant's ongoing and future conduct will cause River Road Jet Boats irreparable harm for which no adequate remedy at law exists.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter judgment in its favor against Defendants as follows:

A.     Awarding monetary damages sufficient to compensate Plaintiffs for infringement of Plaintiffs' Patents through payment by Defendant of not less than a reasonable royalty on sales of infringing products by Defendant;

B.     Increasing damages in view of Defendant's willful infringement;

C.     Finding that this case is exceptional and awarding Plaintiffs their attorneys' fees;

D.     Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, parents, subsidiaries, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors or assigns, from further infringement, contribution to infringement or inducement of infringement of Plaintiffs' Patents;

E.     Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, parents, subsidiaries, affiliate corporations, other related business entities and

116744035.1

all other persons acting in concert, participation, or in privity with them, and their successors or assigns, from referencing Plaintiffs' Patents, to market, advertise, distribute, or identify Defendant's goods where doing so would create a likelihood of confusion, mistake or deception with Plaintiffs' Patents;

F.      Awarding Plaintiffs the Defendant's profits and all damages sustained by the Plaintiffs as a result of Defendant's acts of unfair competition; an accounting of said profits; together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

G.      A finding that this case is exceptional in accordance with 15 U.S.C. § 1117 in that Defendant, having constructive and actual notice of Plaintiffs' Patents, advertised the Accused Product as "Patent Pending," and therefore the Court should award Plaintiffs treble damages;

H.      Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, parents, subsidiaries, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors or assigns, from further damaging the goodwill of River Road Jet Boats' business, disclosing confidentiality or proprietary information; preventing Defendant and its agents, servants, employees, attorneys, and all others holding by, through or under it, or in active concert or participation with it, from using or disclosing, at any time, any River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, in any fashion, form, or manner for any purpose; requiring Defendant to immediately return to River Road Jet Boats any River Road Jet Boats' Confidential Information, trade secrets, and/or proprietary information, in its possession, custody or control; and requiring Defendant to provide its computers, phones and other electronic devices to River Road Jet Boats for inspection and forensic analysis so that River Road Jet Boats

25

can confirm that all River Road Jet Boats' Confidential Information, trade secrets, and proprietary information, and any other River Road Jet Boats' property, has been deleted;

I.      Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

J.      Costs;

K.      That Plaintiffs' recovery against Defendant include, without limitation:  forfeiture, recoupment and disgorgement of all profits and gains realized by Defendant from the foregoing wrongful acts, and payment of lost profits to Plaintiffs;

L.      That Plaintiffs be awarded recovery of attorneys' fees, costs and expenses;

M.      That the Court award punitive damages in an amount sufficient to punish and deter Defendant;

N.      That the Court award Plaintiffs pre-judgment and post-judgment interest on any damage award;

O.      That the Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

P.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury on all issues so triable.

116744035.1

Dated: December 29, 2023                              Respectfully Submitted,


                                                     /s/ Nathan A. Evans

Nathan A. Evans (VSB No. 46840)
**Woods Rogers Vandeventer Black PLC**
123 East Main Street, 5th Floor
Charlottesville, VA 22902
Telephone: 434-220-6829
nathan.evans@wrvblaw.com

Pietro F. Sanitate (VSB No. 89538)
**Woods Rogers Vandeventer Black PLC**
901 East Byrd Street, Suite 1550
Richmond, VA 23219
Telephone: 804-343-5029
pietro.sanitate@wrvblaw.com